1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   MALCOLM J. MOORE,                    CASE NO.    1:11-cv-01918-LJO-MJS (PC)

11               Plaintiff,               ORDER DISMISSING COMPLAINT WITH
                                          LEAVE TO AMEND
12        v.
13                                        (ECF No. 8)
     UNKNOWN, et al.,
14                                        AMENDED COMPLAINT DUE WITHIN
                 Defendants.              THIRTY (30) DAYS
15

16   _____/

17
                            **SCREENING ORDER**
18

19   **I.    PROCEDURAL HISTORY**

20        On January 9, 2012, Plaintiff Malcom J. Moore, a state prisoner proceeding pro se

21   and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No.

22   8.)  Plaintiff's Complaint is now before the Court for screening.

23   **II.   SCREENING REQUIREMENT**

24
          The Court is required to screen complaints brought by prisoners seeking relief
25

26   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27

                                          1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) K. Allison, Warden, California Substance Abuse Treatment Facility (CSATF); (2) S. Snell, Vocational Instructor; (3) F.A. Rodriguez, Lieutenant; (4) M. Vervoot, Correctional Officer; (5) C. Seaman, Vice Principal; (6) P. Medvec, Principal; (7) Stohl, Correctional Sergeant; (8) John Does 1-200; and (9) Jane Does 1-200.

Plaintiff alleges the following:

The Defendants removed Plaintiff from a program created by state law that offers prisoners the opportunity to earn "milestone credits" and learn marketable vocational skills. Defendants Snell, Rodriguez, Vervoot, Seaman, Medvec, and Stohl removed Plaintiff from the vocational program and related technology class. (Id. at 3.)  Being deprived access to

2

the program altered the conditions of Plaintiff's confinement so dramatically that it amounted to a deprivation of a liberty interest.  No due process preceded the deprivation. (Id. at 4.)  Some courts have recognized that the restriction on an inmates ability to earn "milestone credits" is a deprivation of liberty.  Being denied access to the program also amounts to deliberate indifference.  Plaintiff attempted to resolve the deprivation of his rights through the inmate appeal system; however, Plaintiff's appeals were either destroyed or denied in violation of Plaintiff's due process rights.  (Id.)

## IV.  ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

3

1    conclusions are not.  Id. at 1949-50.

2        **B.      Linkage Requirement**

3        Under § 1983, Plaintiff must demonstrate that each defendant personally

4
5    participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

6    2002).  This requires the presentation of factual allegations sufficient to state a plausible

7    claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

8    969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

9    plausibility standard.  Id.

10       The statute clearly requires that there be an actual connection or link between the

11
12   actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.

13   See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials

14   may not be held liable for the actions of their subordinates under a theory of respondeat

15   superior. Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under

16   a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing

17
18   that the official has violated the Constitution through his own individual actions.  Id. at

19   1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each

20   named defendant with some affirmative act or omission that demonstrates a violation of

21   Plaintiff's federal rights.

22       The Complaint does not refer to Warden Allison or any of the four hundred Does

23   except to name them as Defendants.  There are no factual allegations describing how

24
25   Allison or the Does participated in the alleged violations.  The mere fact that a Defendant

26   may have supervised the individuals responsible for a violation is not enough.  The Court

27   will grant Plaintiff an opportunity to amend his claim against Warden Allison and the Doe

Defendants, but in order to state a cognizable claim, Plaintiff must plead facts linking **each** individual Defendant to the violations alleged.  A Defendant may be held liable in a supervisory capacity only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

"John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person.  Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### C.    Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the

Due Process Clause itself, or from an expectation or interest created by prison regulations. Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

### 1.    Program Denied

The Due Process Clause does not, by itself, create a protectable liberty interest in early release credits.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974); accord Sandin, 515 U.S. at 478-79 ("We held [in Wolff] that the Due Process Clause itself does not create a liberty interest in credit for good behavior . . . .")

Plaintiff alleges that participation in the vocational program and the potential receipt of good time credits is a state created liberty interest.  He maintains that being excluded from the vocational program and consequently losing the opportunity to earn the associated good time credits alters his conditions of confinement so dramatically that exclusion imposes atypical and significant hardship in relation to the ordinary incidents or prison life. However, Plaintiff pleads no facts demonstrating exactly how his exclusion from the vocational program imposed an atypical and significant hardship.   There is no constitutional right to rehabilitative or vocational programs. See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Being forced to remain in a general prison facility embodies the typical hardship of

confinement.

Plaintiff fails to allege facts to support the claim that atypical and significant hardships were imposed on him within the meaning of Sandin.  Thus, he fails to adequately allege the existence of a liberty interest entitling him to due process.  Plaintiff accordingly fails to state a claim.  The Court will provide Plaintiff with an opportunity to amend his due process claim.  Should Plaintiff choose to amend, he must clearly allege facts demonstrating  how being denied participation in the program at issue "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718.

### 2.    Grievance Procedure

Plaintiff alleges that the Defendants repeatedly denied him his due process rights by failing to adequately process his inmate appeals.  In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640.  This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.  334 F.3d at 860.  Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response.  Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010).  "An inmate has no due process rights regarding the proper handling of grievances."  Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008).

Plaintiff has neither a liberty interest nor a substantive right to the procedures

7

1  involved in inmate appeals. Plaintiff fails to state a claim in this regard. Because

2  amendment of this claim would be futile, leave to amend will not be granted.

3       **D.       Eighth Amendment**

4       Plaintiff alleges that being denied access to the vocational program "can also be

5  deemed deliberate indifference . . . ."  To the extent Plaintiff is alleging an Eighth

6

7  Amendment violation, he fails to state a claim.

8       The Eighth Amendment protects prisoners from inhumane methods of punishment

9  and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041,

10  1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of

11  confinement claim, and only those deprivations denying the minimal civilized measure of

12
   life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.
13
   Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations
14
15  omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must

16  allege facts sufficient to support a claim that prison officials knew of and disregarded a

17  substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825,

18
   847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010);
19
   Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124,
20
21  1128 (9th Cir. 1998).

22       Plaintiff does not allege that he was denied the minimal civilized measure of life's

23  necessities; rather, he complains of being denied access to a particular program. "Idleness

24  and the lack of [vocational and rehabilitative] programs" does not violate the Eighth

25  Amendment.  See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982); see also

26
27  Toussaint v. McCarthy, 801 F.2d 1080, 1106-08 (9th Cir. 1986), abrogated in part on other

grounds by <u>Sandin v. Connor</u>, 515 U.S. 472 (1995). Plaintiff cannot state an Eighth Amendment claim on these grounds because the deprivation complained of is not sufficiently extreme. The Court will provide Plaintiff an opportunity to amend his claim. In order to state a cognizable Eighth Amendment claim, Plaintiff must plead facts demonstrating that the Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. Given the core facts underlying this action, Plaintiff may be better served focusing his efforts on something other than an Eighth Amendment claim.

## V.      CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed January 9, 2012;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.


Dated:   __June 27, 2012__          _/s/ Michael J. Seng_
                                    UNITED STATES MAGISTRATE JUDGE