# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM J. MOORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE No. 1:11-cv-01918-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>FIFTEEN (15) DAY DEADLINE |

　　Plaintiff Malcolm J. Moore is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 8.) Plaintiff has declined Magistrate Judge jurisdiction. (Req. for Reassignment, ECF No. 10.)

　　On June 28, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim, but gave Plaintiff an opportunity to file an amended complaint by not later than August 2, 2012. (Order Dismiss. Compl., ECF No. 13.) The August 2, 2012 deadline has

-1-

passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's June 28, 2012 Order requiring that he file an amended complaint by August 2, 2012.

Accordingly, (1) within fifteen (15) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed for failure to comply with the Court's Order and failure to state a claim, and (2) the failure to file a response to this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   August 20, 2012           /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE