UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM J. MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN, et al.,<br><br>        Defendants.<br>_____ / | CASE No. 1:11-cv-01918-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT ACTION BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 13 & 14)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

    Plaintiff Malcolm J. Moore is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 8.) Plaintiff declined Magistrate Judge jurisdiction. (ECF No. 10.)

    On June 28, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim, but gave Plaintiff an opportunity to file an amended complaint by not later than August 2, 2012. (ECF No. 13.) The August 2, 2012 deadline passed without Plaintiff

having filed an amended complaint or a request for an extension of time to do so. On August 21, 2012, the Court issued an order that, by not later than September 10, 2012, Plaintiff show cause why this action should not be dismissed for failure to comply with the Court's order and failure to state a claim. (ECF No. 14.) Plaintiff was advised therein that a failure to respond would result in dismissal of this action. The September 10, 2012 deadline has passed without Plaintiff responding to the Court's August 21, 2012 order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE by the District Judge for failure to comply with the Court's orders and failure to state a claim and that dismissal count as a strike under 28 U.S.C. § 1915(g) and that the Clerk thereupon terminate all pending motions, close the file and enter judgment in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 23, 2012           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE